White, J.
We think the court erred in sustaining the demurrer to the answer. Had the demurrer been to the defenses, separately, it should have been overruled as to both.
The plaintiff brought his action to recover a debt which the defendant agreed with Rockwell, Long & Co., to pay the plaintiff. Before the plaintiff assented to or acted on the promise thus made in his favor, the agreement had been rescinded. This, surely, constituted a good defense.
We do not question the former rulings of this court, that *381 a party may maintain an action on a promise made for his-benefit, although the consideration moved from another, to whom the promise was made. But this rule must be understood and applied with its proper qualifications. Bagley v. Waters, 7 Ohio St. 359; Thompson v. Thompson, 4 Ohio St. 333; Miller & Co. v. Florer, 15 Ohio St. 151; see also, Pike v. Brown, 7 Cush. 133; Brewer v. Dyer, Id. 337; Millen v. Whipple, 1 Gray, 317; Butterfield v. Hartshorn, 7 N. H. 345; Owen v. Bowen, 4 Car. & P. 93.
The plaintiff was a creditor of Rockwell, Long & Co. He-had not surrendered his claim against them, nor had he assented to the provision which they had made for its payment. He was not bound to accept it, and, until he did so,, there was certainly nothing to prevent the parties to the-agreement from rescinding it.
The plaintiff’s right rests solely on the agreement. He-claims under Rockwell, Long & Co. In such ease, if he-has not been induced to alter his position by relying in> good faith, on the promise made in his favor, the defendant is not estopped from setting up any defense which he could have set up against the enforcement of the promise by the other contracting party.
Leave to file the petition is granted; and under section-515 of the code as amended (72 Ohio L. 173), all the judges concurring, the judgment of the District Court, as-well as that of the Court of Common Pleas, is reversed ;-, the demurrer to the answer overruled; and the cause remanded for further proceedings.
McIlvaine, O. J.; Welch, Rex, and Gilmore, JJ., concurred.